Case 4:24-cv-01191   Document 74   Filed on 09/24/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIMMONS BANK, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-1191 |
| § | |
| CINCH ENERGY SERVICES, LLC, *et al.*, § | |
| § | |
| Defendants. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for partial summary judgment filed by Plaintiff Simmons Bank ("the bank"). The motion (Dkt. 50) is **GRANTED**. The bank has established beyond peradventure that Defendants, jointly and severally, owe it a principal balance of $21,078,818.44, along with unpaid interest and fees.

### I.     BACKGROUND

This is a suit on a note and accompanying guaranties. The bank's summary judgment evidence establishes that a predecessor in interest of the bank loaned $22,750,000.00 to Defendant Cinch Energy Services, L.L.C. ("Cinch"). (Dkt. 50-1 at pp. 2–3; Dkt. 50-2 at pp. 2, 16). Defendant Frank Thomas Shumate, Jr. ("Shumate"), Cinch's president, signed a promissory note on behalf of Cinch securing the loan; and Shumate (on his own behalf) and Defendant Mark Lopez ("Lopez") signed documents personally guaranteeing the loan. (Dkt. 50-3 at p. 8; Dkt. 50-4 at p. 9; Dkt. 50-5 at p. 9).

The bank's summary judgment evidence further establishes that Cinch missed two monthly interest payments, prompting the bank's counsel to send a formal notice of default

to Cinch, Shumate, and Lopez. (Dkt. 50-6). After the bank sent the formal default notice, Cinch missed both another monthly interest payment and a scheduled 15% principal payment. (Dkt. 50-1 at p. 5). Moreover, Cinch failed to provide year-end financial statements and tax returns for Lopez and Shumate as required by Section 6.1 of Cinch's loan agreement. (Dkt. 50-1 at p. 5; Dkt. 50-2 at p. 25). The bank then accelerated the loan and sent a formal notice of acceleration to Cinch, Shumate, and Lopez. (Dkt. 50-1 at p. 5; Dkt. 50-7).

Defendants have not paid the amounts due and owing to the bank. (Dkt. 50-1 at p. 5). The outstanding principal balance on the loan is $21,078,818.44, and additional interest and fees have accrued. (Dkt. 50-1 at pp. 5–7; Dkt. 50-3 at pp. 3–6).

The bank has filed a motion for partial summary judgment. (Dkt. 50). Defendants have filed a response to which over 200 pages of documents are attached. (Dkt. 53). However, Defendants' response brief itself totals only five pages and specifically cites only two pieces of evidence, those being identical affidavits sworn out by Cinch's operations manager and executive assistant ("the Cinch affidavits"). (Dkt. 53-23; Dkt. 53-24). Defendants cite the Cinch affidavits to support their contention that the bank improperly interfered when Defendants attempted to sell certain pieces of collateral in order to make timely payments on the note. (Dkt. 53 at p. 5).

## II. **SUMMARY JUDGMENTS**

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the movant will carry the burden of proof at trial, as is the case when the movant is either the plaintiff or a defendant asserting an affirmative defense, then the movant must carry its initial burden under Rule 56 by establishing beyond peradventure all of the essential elements of its claim or defense. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the movant meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when both parties have submitted evidence of contradictory facts." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (citation and quotation marks omitted). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do

not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the non-movant must present specific facts which show the existence of a genuine issue of material fact. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). In the absence of any proof, the Court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). And Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

### III.   ANALYSIS

The bank has moved for summary judgment on its claims for breach of the note and the accompanying guaranties. (Dkt. 50). On this record, the bank is entitled to judgment as a matter of law on the principal balance of $21,078,818.44, along with unpaid interest and fees.

*—Breach of the note*

"Ordinarily, suits on promissory notes provide fit grist for the summary judgment mill." *Matter of Highland Capital Management, L.P.*, 116 F.4th 422, 430 (5th Cir. 2024) (quotation marks omitted). "Under Texas law, to prevail on summary judgment in these types of cases, the movant must establish that (1) the note exists, (2) the non-movant signed the note, (3) the movant was the legal holder of the note, and (4) there was a balance due and owing on the note." *Id.* When the summary judgment proof establishes these elements,

the holder of the note is entitled to recover unless the borrower establishes a defense. *Vince Poscente International, Inc. v. Compass Bank*, 460 S.W.3d 211, 214 (Tex. App.—Dallas 2015, no pet.).

The bank's evidence establishes all of the necessary elements of a suit on a promissory note. Indeed, Defendants do not meaningfully contest the bank's evidentiary showing; instead, they contend, citing only the Cinch affidavits in support,[1] that the bank improperly interfered with their attempts to sell certain pieces of collateral in order to make timely payments on the note. (Dkt. 53 at p. 5). Defendants' largely unsupported and conclusory allegations of improper interference with their attempted sales of collateral do not suffice to create a genuine issue of material fact. As the bank points out, Section 7.7 of the loan agreement between the bank and Cinch requires Cinch to obtain the bank's "prior written consent" before selling any of its property, with the exceptions of: (1) "inventory [sold] in the ordinary course of business[;]" and (2) sales, "for fair value, of damaged, worn-out, or obsolete property not necessary or useful to the conduct of business." (Dkt. 50-2 at pp. 27–28). Section 7.7 does not obligate the bank to give its consent when Cinch requests it. (Dkt. 50-2 at pp. 27–28). Defendants do not discuss Section 7.7 of the loan

---

[1] Defendants do not cite to or explain any of the other nearly 200 pages of evidence that are attached to their response. In the interest of justice, the Court has reviewed those materials, which consist mostly of title documents and emails between the bank and Defendants discussing Defendants' attempts to sell equipment, and has concluded that they do not create a genuine issue of material fact. As the Court notes later, the loan agreement between the bank and Cinch obligates Cinch to obtain the bank's prior written consent before selling any equipment and does not obligate the bank to give that consent.

agreement in their response, and they fail to explain how any action taken (or not taken) by the bank legally excuses their failure to make payments on the note.

The Court concludes that the bank is entitled to summary judgment on its claim seeking the principal balance of $21,078,818.44, along with unpaid interest and fees, on the promissory note signed by Cinch.

### —*Breach of the guaranties*

A similar analysis governs the bank's claims on the guaranties signed by Shumate and Lopez. "A plaintiff seeking to enforce a guaranty must prove: (1) the existence and ownership of the guaranty agreement; (2) the terms of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor." *Mae v. U.S. Property Solutions, LLC*, No. 4:08-CV-3588, 2011 WL 66161, at *5 (S.D. Tex. Jan. 10, 2011) (quotation marks omitted). "Courts enforce guaranties according to their terms when those terms are clear and unambiguous." *Id.*

The bank's evidence sufficiently establishes all of the necessary elements. The guaranties signed by Shumate and Lopez state that they are "absolute, irrevocable and unconditional guarant[ies]" of "punctual payment when due" under the loan agreement between the bank and Cinch. (Dkt. 50-4 at pp. 2–3; Dkt. 50-5 at pp. 2–3). Under the guaranties, if Cinch defaults on the loan agreement with the bank in terms of either "payment or performance[,]" then Shumate and Lopez "shall promptly pay the amount due" or "perform the obligations to be performed" under the loan agreement. (Dkt. 50-4 at p. 3; Dkt. 50-5 at p. 3).

As they did with the bank's claim on the note, Defendants counter the bank's claim for breach of the guaranties solely with citations to the Cinch affidavits and vague allegations that the bank improperly interfered with Defendants' attempts to sell collateral. (Dkt. 53 at p. 5). However, as discussed above, the loan agreement requires Cinch to obtain the bank's "prior written consent" before selling any of its property, with irrelevant exceptions. (Dkt. 50-2 at pp. 27–28). Defendants fail to explain how any action taken (or not taken) by the bank legally excuses the failure of Shumate and Lopez to satisfy their obligations under the guaranties.

The Court concludes that the bank is entitled to summary judgment on its claims seeking the principal balance of $21,078,818.44, along with unpaid interest and fees, under the guaranties signed by Shumate and Lopez.

## IV.   CONCLUSION

The motion for partial summary judgment filed by Plaintiff Simmons Bank (Dkt. 50) is **GRANTED**. The bank has established beyond peradventure that Defendants owe it a principal balance of $21,078,818.44. Issues that remain outstanding, including the exact amount of unpaid interest and fees and the bank's claim seeking a permanent injunction, will be discussed at docket call.

SIGNED at Houston, Texas on September 24, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE